**Littler Mendelson, PC**
290 Broadhollow Road
Suite 305
Melville, NY 11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

June 27, 2017

**VIA ECF**
The Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *D'Aquino, et al. v. Garda Cl Atlantic, Inc., Adkins v. Garda CL Atlantic, Inc.*
16 CV 00641 (JMA)(AKT)

Dear Judge Azrack:

As the Court is aware, we represent Defendant Garda CL Atlantic, Inc. in the above-referenced consolidated action. In accordance with Your Honor's Individual Rules of Practice, we write to respectfully request a pre-motion conference to address Defendant's anticipated bases to dismiss the *Adkins* Complaint[1] in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

## I. THE *ADKINS* PLAINTIFFS' UNPAID OVERTIME CLAIMS ARE SUBJECT TO DISMISSAL

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s] . . . without some further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 555, 557.

With particular respect to unpaid overtime claims, the Second Circuit has indicated that plaintiffs must assert more than a general failure to pay wages in order to state a claim. *See Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013). In *Lundy*, the court affirmed dismissal of FLSA overtime claims because plaintiffs' claims were too speculative and that plaintiffs did not "allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." An analysis concerning the requisite factual specificity necessary to support an unpaid overtime claim is the same on claims

---

[1] The Plaintiffs in *Adkins, et al. v. Garda Cl Atlantic Inc.* originally filed the action in the Supreme Court of the State of New York. On April 27, 2017, Defendant removed the matter to federal court. On May 17, 2017, *Adkins, et al. v. Garda Cl Atlantic Inc.*, 17 CV 2532 (JMA)(AKT) was consolidated under the first filed case number, 16 CV 641 (JMA)(AKT). Accordingly, that action shall be referred to herein as the "*Adkins* Plaintiffs" or "*Adkins* Complaint."

The Hon. Joan M. Azrack
June 27, 2017
Page 2

made under the NYLL as under the FLSA.  *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (noting that its analysis of FLSA unpaid overtime claims applies equally to NYLL unpaid overtime claims, and dismissing all unpaid overtime claims because plaintiffs "did not estimate her hours in any or all weeks or provide any other factual context or content.").

Here, the *Adkins* Plaintiffs failed to allege any estimate of hours worked in any or all weeks, or provide any factual context or content to support their conclusory allegations.  *See Adkins* Compl. ¶¶ 15, 23–24, annexed hereto as **Exhibit A**.  Indeed, the *Adkins* Complaint does not contain a sufficient level of factual specificity that could plausibly support unpaid overtime claims on behalf of the 27 individually-named *Adkins* Plaintiffs.  Plaintiffs have identified no workweeks in which they allegedly worked overtime, a fatal defect to their unpaid overtime claim. *Lundy* , 711 F.3d at 114-115; *Johnson v. Equinox Holdings, Inc.*, No. 13-CV-6313, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (granting motion to dismiss where plaintiff failed to identify either "the weeks during which he worked more than forty hours [or] the specific number of hours he worked during such weeks").  The *Adkins* Plaintiffs' conclusory allegation that they "routinely" worked over 40 hours does not circumvent their obligation to state when they performed their alleged work.  *See Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 199–200 (2d Cir. 2013) (plaintiffs' threadbare allegations that they "regularly" worked hours in excess of forty hours per week and were not paid for all those hours were insufficient); *Bustillos v. Acad. Bus, LLC*, No. 13-CV-565, 2014 WL 116012, at *1 (S.D.N.Y. Jan. 13, 2014) (dismissing overtime claim for lack of specificity despite plaintiff's allegation he "would regularly work from 60 to 90 hours per week").

Moreover, in addition to having to explain the length and frequency of the unpaid overtime work to support a reasonable inference that the *Adkins* Plaintiffs worked over forty hours in a given week, the Plaintiffs must also provide "some factual context that will 'nudge' [the plaintiffs'] claim 'from conceivable to plausible.'"  *Dejesus*, 726 F.3d at 90.  The Complaint is improperly devoid of any reference to the *Adkins* Plaintiffs' rates of pay, any approximation of the amount of wages due, or even their alleged job titles with Defendant.  *See James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 320-21 (E.D.N.Y. 2012) (holding that a plaintiff must plead sufficient facts detailing the type of work performed and the extent of overtime hours to sustain a claim).  Accordingly, the *Adkins* Plaintiffs' claims for unpaid overtime violations should be dismissed.

### II.  THE *ADKINS* PLAINTIFFS' WAGE NOTICE VIOLATIONS ARE SUBJECT TO DISMISSAL

The *Adkins* Plaintiffs allege that they received no wage notices when they were first hired by Defendant or on February 1 of each year they worked for Defendant. *See* Ex. A, ¶ 14. Inasmuch as any of the 27 *Adkins* Plaintiffs may premise their claims solely on not receiving the annual notice each year, those claims must be dismissed.  *See Yuquilema v. Manhattan's Hero Corp.*, No. 13-CV-461, 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014)(report and recommendation), adopted by, No. 13-CV-461, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014)

The Hon. Joan M. Azrack
June 27, 2017
Page 3

("[T]he NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years.").

Further, the paucity of any allegations concerning the dates the *Adkins* Plaintiffs were hired precludes their alleged entitlement to a wage notice.  Indeed, the Wage Theft Prevention Act requiring wage notices became effective April 9, 2011.  Thus, any employees hired prior to April 9, 2011 would not be entitled to a wage notice pursuant to New York Labor Section 215. Accordingly, the *Adkins* Plaintiffs' wage notice claims are subject to dismissal.

### III. THE *ADKINS* PLAINTIFFS' FREQUENCY OF PAY CLAIMS ARE SUBJECT TO DISMISSAL

The *Adkins* Plaintiffs allege that Defendant is liable to them under Section 191(1)(a)(1) of the NYLL, which, in pertinent part, requires a "weekly" pay schedule for employees who are "manual workers."  Plaintiffs' claims must be dismissed because Plaintiffs do not allege any of them were "manual workers" — in fact, they do not even allege what job titles they held with Defendant.  The *Adkins* Plaintiffs', again in wholly conclusory fashion, only allege that they "performed at least twenty-five percent (25%) of their working time performing physical labor and, as such, were entitled to be paid weekly pursuant to NYLL §191." *See* Ex. A, ¶ 33. Furthermore, the *Adkins* Plaintiffs' frequency of pay claims are further subject to dismissal because there is no cognizable private right of action to this claim.  *Hussain v. Pakistan Int'l Airlines Corp.*, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2013) (where plaintiffs claimed violation of NYLL § 191(1)(a)(i), finding the NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment).

### IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its request for a pre-motion conference.  Thank you for the Court's consideration of this request.

Respectfully submitted,

Littler Mendelson, P.C.


*/s/ Daniel Gomez-Sanchez*

Lisa M. Griffith
Daniel Gomez-Sanchez


Encl.