UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JIMMY L. ADKINS, KEREM BAY, LANA
BONGIOVI, CLEMENT CAMPBELL, ANGELO
CAROPOLA, ALEXANDER CIOFFI, PATRICK H.
CRAIN, DAVID CRONK, NANCY F. DEBE,
DENNIS DELUCIE, CHARLES J. ENGEL,
MATTHEW FARRELL, BENNY FAILLA, ROBERT
J. GIANI, JOHN R. LACKENBAUER,
JEAN-PARNELL LOUIS, WILLIAM J. MAHER,
MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM
R. SHANNON, FRED H. SMITH, GARY E. SOBEK,
DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY
TANZA, and CYNTHIA TORRES,

                Plaintiffs,

-against-

GARDA CL ATLANTIC, INC.,
                Defendant.

16-CV-00641

---

PLAINTIFFS' MEMORANDUM OF LAW AND FACT IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

 

LAW OFFICE of ANN BALL, P.C.
By: Ann Ball
   *Attorney for Plaintiffs*
   357 Veterans Memorial Highway
   Commack, New York 11725
   (631) 864-8700

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................... ii

PRELIMINARY STATEMENT ......................................... 1

ARGUMENT

PLAINITFF HAS SET FORTH SUFFICIENT CAUSES OF ACTION IN
THE COMPLAINT................................................. 6

TABLE OF AUTHORITIES

CASES

Federal:

DeMarco v. National Collector's Mint, Inc., 229 FRD 73 (SDNY 2005)

Bell v. Hubbert, 2006 US Dist. LEXIS 94547 (SDNY 2006)

State Farm Mut. Auto. Ins. Co. v. Rabiner, 749 F. Supp. 2d 94 (E.D.N.Y. 2010).

Lamur v. Sunnyside Community Services, 2012 US Dist. LEXIS 113061 (EDNY 2012).

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

Dejesus v. HF Mgmt. Servs. LLC, No. 12-CV-1298, 2012 WL 5289571, (E.D.N.Y. Oct. 23, 2012)

Edelmann v. Keuka College, 16-CV-6293, NYLJ 1202783613168, at *1 (WDNY, Decided April 10, 2017)Hayden v. Cnty. of Nassau, 180 F.3d 42 (2d Cir. 1999)

Foman v. Davis, 371 U.S. 178 (1962)

Kuebel v. Black and Decker, Inc., 643 F3d 352 (2d Cir. 2011)

Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013)

Nakahata v. New York Pres., 723 F.3d 192 (2d Cir. 2013)

STATUTES AND OTHER AUTHORITIES

FRCP 12(b)(6)

NYLL §160; §190(3)

12 NYCRR §142-2.14

PRELIMINARY STATEMENT

Plaintiffs were employees at Defendant's armored car company that is presently located at 526 45th Avenue, Long Island City, New York. On March 24, 2017, Plaintiffs commenced an action in New York State Supreme Court, Queens County against Defendant to recover unpaid overtime owed to them pursuant to the New York Labor Law (NYLL) §§650 *et seq.*; that summons and complaint conformed to state court notice pleading requirements. Defendant removed this matter from state court on the basis of diversity jurisdiction on or about April 27, 2017; it was consolidated with the *D'Aguino* matter on May 17, 2017. Thereafter, Defendant's application to move to dismiss Plaintiff's complaint was denied without prejudice and Plaintiffs were allowed to amend. Plaintiffs' amended complaint was served on or about July 28, 2017. Defendant now moves to dismiss Plaintiffs' complaint for failure to allege sufficient facts to raise a plausible inference of a NYLL overtime violation and to dismiss Plaintiffs' claim for frequency of pay violations. For reasons set forth herein, Defendant's motion to dismiss Plaintiffs' complaint for failure to allege sufficient facts to raise a plausible inference of a NYLL overtime violation is frivolous and without merit in law or fact.

1

Plaintiffs allege Defendant had a policy in effect where employees were not paid overtime unless they worked over 50 hours per week. Hours worked over 40 but less than 50 were paid at an employee's regular rate, not the time and half rate. This is the same policy that is the subject of the aforementioned *D'Aguino* matter, and also was the subject of *Ronald Tessono and Louis A. Florissant v. Garda, Inc.*, CV 16-1276, a case also brought by my office and previously settled with Defendant. Plaintiffs do not oppose the branch of Defendant's motion to dismiss the claim for frequency of pay violations.

Plaintiffs submit this Memorandum of law and fact in opposition to Defendant's motion to dismiss, and respectfully request that the Court issue an Order denying it's motion to dismiss. Plaintiffs further respectfully request that in event the Court finds Plaintiffs' complaint insufficient in any way that Plaintiffs be granted leave to amend. Since the preparation of the first federal court complaint, additional overtime documentation was received by this office. Also, the amended complaint is only Plaintiffs' first federal court complaint. The original state court complaint, containing no federal claims, conformed with state court pleading standards.

Since Defendant is required by law to maintain employee payroll records, any alleged defects in the complaint are curable after payroll records that are, or should be, in Defendant's possession are exchanged in discovery.

I submit that a dismissal of Plaintiffs' complaint at this stage of the proceeding would violate, to its very core, the concept of fundamental fairness for the following reasons:

1. Uncompensated overtime hours were estimated in the complaint as being between one and ten overtime hours worked per Plaintiff per week. The case law just requires an estimate of overtime hours worked. Examples of representative workweeks are in the complaint.

2. Overtime documentation of several other Plaintiffs have been obtained since the amended complaint was prepared. The production of payroll records Defendant maintains would supply enough information for a fully detailed amended complaint if the Court finds the complaint insufficient as it is.

3. The original complaint is a state court complaint and, as such, should not be construed as Plaintiffs' first federal court complaint.

4. Plaintiffs can prove a set of facts in support of their claims that would entitle them to relief since Defendant sought

3

consolidation of this matter with the *D'Aguino* matter that arises from the same overtime policy.

## STATEMENT OF FACTS

Plaintiffs Adkins, Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbauer, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, and Tanza allege they were employed as Driver/Messengers; Plaintiff Delucie should have also been included in the amended complaint as a driver/messenger. This Plaintiff was excluded from that paragraph in error, and was an oversight. Their duties as driver/messengers included driving an armored car and the delivery and pickup of coin and currency to and from Defendant's Central Islip location and customers' locations on Long Island. Plaintiffs Bongiovi and Campbell allege they were employed as vault clerks. Their duties as vault clerks included bookkeeping, producing coin and currency inventory reports, packing cash, preparing security reports, and imaging checks at Defendant's Central Islip location. Plaintiffs Debe, Smith and Torres allege they were employed as ATM technicians. Their duties as ATM technicians included refilling and repairing ATM machines at various customer locations on Long Island, primarily in Suffolk County, and the delivery and pickup of coin and currency by

4

armored car between Defendant's Central Islip location and various customers' locations on Long Island. Plaintiff Louis alleges he was employed as a premises guard primarily at Defendant's Central Islip location and occasionally at its' Long Island City location.

The amended complaint identified representative workweeks. As an example for the driver/messengers, from August 24, 2014 through September 6, 2014, Plaintiff Adkins worked a total of 108.33 hours over the two-week period. He was paid for 50 hours worked per week at his regular rate, and was paid the overtime rate for the remaining 8.33 hours. As an example for the ATM technicians, from October 5, 2014 through October 18, 2014 Plaintiff Debe worked 116 hours. She was paid her regular rate for 50 hours worked per week, and was paid the overtime rate for the remaining 16 hours. Plaintiff Louis is the only one employed as a premises guard. He worked at defendant's Central Islip location as well as occasionally at Defendant's Long Island City location. His normal working hours were 8:00 p.m. to 6:00 a.m.; at times his workday was extended to 7:30 a.m. For example, from November 2, 2014 through November 15, 2014 he worked a total of 115.83 hours. He was paid straight time for the 50 hours he worked each week and time and a half for the remaining 5.83 hours.

5

ARGUMENT

PLAINTIFFS SET FORTH SUFFICIENT CAUSES OF ACTION IN THE COMPLAINT

Plaintiffs' complaint sufficiently specifies their allegations against Defendant. As indicated in the complaint, the number of hours in controversy per Plaintiff per week is between one and ten. Plaintiffs adequately stated their claims, including dates of employment, the nature of Plaintiffs' work for Defendant, the nature of Defendant's business, that Plaintiffs worked over 40 hours per week and were not paid any overtime unless over 50 hours were worked per week. The law requires Defendant to maintain payroll records and there has been no discovery conducted in this matter.

Dismissal of a complaint for failure to state a cause of action pursuant to FRCP 12(b)(6) is only proper where *"it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief."* The test is not whether plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his claims. The Court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiff's favor see, DeMarco v. National Collector's Mint, Inc., 229 FRD 73 (SDNY 2005); Bell v. Hubbert, 2006 US Dist. LEXIS 94547 (SDNY

2006). The question at this stage of the litigation is *"not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence"* to support his claims, Id. Dismissal is appropriate only where it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief see, State Farm Mut. Auto. Ins. Co. v. Rabiner, 749 F. Supp. 2d 94, 98 (E.D.N.Y. 2010). To withstand a motion to dismiss for failure to state a claim, *"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."* See, Lamur v. Sunnyside Community Services, 2012 US Dist. LEXIS 113061 (EDNY 2012); Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678).

Plaintiffs adequately set forth causes of action for unpaid overtime pursuant to NYLL see, NYLL 160; §12 NYCRR 142-2.14. To establish liability for unpaid overtime, plaintiff must prove he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of the

7

work see, Kuebel v. Black and Decker, Inc., 643 F3d 352 (2d Cir. 2011). To survive a motion to dismiss, the complaint must approximate the number of overtime hours worked per week in excess of forty for which the plaintiffs did not receive overtime pay see, Dejesus v. HF Mgmt. Servs. LLC, No. 12-CV-1298, 2012 WL 5289571, (E.D.N.Y. Oct. 23, 2012). Whether a complaint complies with this requirement is "*a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense.*" Id.  In this case, Plaintiffs alleged that Defendant's policy was that workers were only paid straight time unless more than 50 hours were worked in a given workweek; only then was a worker paid the overtime rate. Plaintiffs' uncompensated overtime hours are approximated in the complaint as being between one and ten hours per week. The now consolidated Adkins and D'Aguino matters involve the same facts and circumstances, therefore Defendant cannot credibly argue there is no merit to Adkins complaint. Since the Court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiffs' favor see, DeMarco v. National Collector's Mint, Inc., supra; Bell v. Hubbert, supra. I submit the Adkins Plaintiffs are entitled to the benefit of the inference that they can prove a set of facts in support of their claims that would entitle them to relief

that accompanies the fact the cases are consolidated.

In Edelmann v. Keuka College, 16-CV-6293, NYLJ 1202783613168, at *1 (WDNY, Decided April 10, 2017), Defendant argued that the Second Circuit's rule requires a plaintiff alleging a FLSA overtime claim to identify, and specifically account for, at least one week in which he or she worked uncompensated overtime. (See ECF No. 4-3 at 5; see also ECF No. 12 at 1-3.) There, defendant argued that pleading "an average number of hours worked across several weeks" is insufficient. (See, ECF No. 12 at 2). The Court found Defendant's argument unpersuasive, pointing out that the Second Circuit held in Lundy that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy, 711 F.3d at 114. The Edelmann court observed "To that end, the court suggested — but did not require — that pleading an itemized, approximation of hours worked would satisfy the pleading requirement." Id. at 114 n.7 "Under a case-specific approach, some courts may find that an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility. Indeed, the Second Circuit has explicitly denounced Defendant's interpretation of its rule." See Nakahata,

9

723 F.3d at 201 n.10 ("While the standard we reaffirm today *does not* require an approximate number of overtime hours, we reiterate that determining whether a claim is plausible is a context-specific task..."); see also Dejesus, 726 F.3d at 88 (noting that, in Lundy, the court "declined to make an approximation of overtime hours a necessity in all cases" but remarked that "an approximation may help draw a plaintiff's claim closer to plausibility") (international quotation marks and citations omitted). For the reasons set forth herein, plaintiffs have set forth a plausible claim.

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FRCP 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Supreme Court has interpreted this rule liberally, stating: In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be freely given, Foman v. Davis, 371 U.S.

10

178, 182 (1962). If the Court finds Plaintiffs' complaint insufficient, Plaintiffs respectfully request leave to amend since this would only be the second amended federal court complaint, there is no undue prejudice to Defendant and the amendment will not be futile.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny defendant's motion to dismiss Plaintiffs' complaint, together with such other and further relief as this Court deems just and proper.

Dated:  Commack, New York
        November 7, 2017

                            Respectfully submitted,
                            LAW OFFICE OF ANN BALL P.C.

By: _____
    Ann Ball
    357 Veterans Memorial Highway
    Commack, New York 11725
    (631)864-8700