UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCIE, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA, and CYNTHIA TORRES,<br><br>     Plaintiffs,<br><br>   -against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>     Defendant. | Civil Action No. 16-CV-00641<br><br>(JMA)(AKT) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND 8(A)

Lisa M. Griffith
Sanjay V. Nair
Daniel Gomez-Sanchez
LITTLER MENDELSON
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
lgriffith@littler.com
snair@littler.com
dsgomez@littler.com

*Attorneys for Defendant*
*Garda CL Atlantic, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... II

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT ............................................................................................................ 2

I.          THE FIRST CAUSE OF ACTION MUST BE DISMISSED
BECAUSE THE AMENDED COMPLAINT FAILS TO SUFFICIENTLY PLEAD
AN OVERTIME VIOLATION ............................................................................. 2

    A.     The Court Advised Plaintiffs' Counsel at the Pre-Motion Conference
that Plaintiffs Cannot Conduct Discovery in Order to Save Their
Complaint From Dismissal.................................................................... 2

    B.     The *Adkins* Plaintiffs' Argument that the Amended Complaint Is Not
an Amended Complaint, but Rather a First Complaint, Is Completely
Misleading and Plaintiffs Should Not Be Given Leave to File a Second
Amended Complaint............................................................................... 3

    C.     The Amended Complaint Fails to Allege Actionable Workweeks for
Many of the *Adkins* Plaintiffs............................................................. 4

    D.     The Amended Complaint Fails to Otherwise Allege Facts to Support
an Argument That a Plausible Claim Exists. ..................................... 6

II.         THE ADKINS PLAINTIFFS' RELIANCE ON THE D'AGUINO
ACTION IS WHOLLY MISPLACED .................................................................. 8

III.        THE SECOND CAUSE OF ACTION FOR UNTIMELY PAY
SHOULD BE DISMISSED ..................................................................................... 9

CONCLUSION ....................................................................................................... 9

## **<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Arena v. Delux Transp. Servs., Inc.*,
    No. 12-cv-1718, 2013 WL 654418 (E.D.N.Y. Feb. 15, 2013) ................................2

*Bellikoff v. Eaton Vance Corp.*,
    481 F.3d 110 (2d Cir. 2007) ................................................................................4

*Blau v. Allianz Life Ins. Co. of N. Am.*,
    124 F. Supp. 3d 161 (E.D.N.Y. 2015) ...................................................................3

*Bustillos v. Acad. Bus, LLC*,
    No. 13 CIV. 565, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014)...............................5

*Cromwell v. N.Y. City Health and Hosps. Corp. et al.*,
    12-cv-4251, 2013 WL 2099252 (S.D.N.Y. May 15, 2013) .....................................5

*Dejesus v. HF Mgmt. Servs., LLC*,
    726 F.3d 85 (2d Cir. 2013)................................................................................4, 7

*In re Eaton Vance Mut. Funds Fee Litig.*,
    380 F. Supp. 2d 222 (S.D.N.Y.)............................................................................4

*Edelmann v. Keuka Coll.*,
    No. 16-CV-6293, 2017 WL 1316970 (W.D.N.Y. Apr. 10, 2017) ...........................7

*Forman v. Davis*,
    371 U.S. 178 (1962)..............................................................................................4

*John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*,
    22 F.3d 458 (2d Cir. 1994)....................................................................................4

*Jones v. SCO Family of Servs.*,
    202 F. Supp. 3d 345 (S.D.N.Y. 2016)....................................................................2

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
    723 F.3d 192 (2d Cir. 2013)..............................................................................4, 7

*Reid v. Ingerman Smith LLP*,
    876 F. Supp. 2d 176 (E.D.N.Y. 2012) ...................................................................9

*Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*,
    No. 08-CV-442, 2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014)..............................9

*Spiteri v. Camacho*,
    622 F. App'x 9 (2d Cir. 2015) ...............................................................................5

*Spiteri v. Russo*
    No. 12-CV-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ..............................................5


**Other Authorities**

Fed.R.Civ.P. 81(c)…………………………………………………………………...............3

<u>**PRELIMINARY STATEMENT**</u>

Defendant Garda CL Atlantic, Inc. ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., hereby submits this reply memorandum of law in support of its motion to dismiss the Amended Complaint ("Amended Complaint")[1] of the Plaintiffs in the action captioned *Adkins, et al. v. Garda CL Atlantic, Inc.* (hereinafter "*Adkins*").  For the reasons set forth in its memorandum of law and the additional reasons set forth in this reply memorandum of law, Defendant's motion, submitted pursuant to Rule 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure, should be granted in its entirety.

The *Adkins* Plaintiffs' claims under the New York Labor Law for unpaid overtime compensation should be dismissed because the vast majority of the Plaintiffs have not set forth a given workweek in which they purportedly were not paid overtime premium compensation they were owed.  The *Adkins* Plaintiffs' claims for unpaid overtime compensation must also be dismissed because the Plaintiffs do not state the number of hours worked or any other details needed to assess the plausibility of the claims, such as allegedly when they worked in excess of 40 hours per week and the type of work performed when working in excess of 40 hours per week.  Moreover, the *Adkins* Plaintiffs' objection that their claims should be allowed to proceed in light of the mere fact that there exists a consolidated case, *D'Aguino v. Garda CL Atlantic, Inc.,* does not address the fact that the *Adkins* Plaintiffs' claims are insufficiently pled.

Finally, Plaintiffs specifically state that they do not oppose that branch of Defendant's motion to dismiss the claim for frequency of pay violations under the New York Labor Law. (*Adkins* Plaintiffs' "Memorandum of Law and Fact In Opposition to Defendant's Motion to

---

[1] A copy of the Amended Complaint, (ECF Docket Entry ("D.E.") 33), is annexed to the Declaration of Lisa M. Griffith as Exhibit A.  The facts set forth in the Amended Complaint are deemed true solely for the purposes of Defendant's motion to dismiss.

Dismiss" ("Pls. Memo") at p.2).   Accordingly, the *Adkins* Plaintiffs have either withdrawn or abandoned these claims and, thus, the Court must dismiss them.

<u>**ARGUMENT**</u>

**I.    THE FIRST CAUSE OF ACTION MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO SUFFICIENTLY PLEAD AN OVERTIME VIOLATION**

      **A.    The Court Advised Plaintiffs' Counsel at the Pre-Motion Conference that Plaintiffs Cannot Conduct Discovery in Order to Save Their Complaint From Dismissal.**

The Court advised counsel for the *Adkins* Plaintiffs at the September 27, 2017 pre-motion conference that the *Adkins* Plaintiffs could not request discovery to support their facially deficient claims against Defendant's motion to dismiss same.   The Court's position is in accordance with well-established law that requires factual specificity in a complaint and sufficiently-pled allegations.   *See, e.g., Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 350 (S.D.N.Y. 2016) (plaintiff's contention in a wage and hour action that discovery will support her allegations "does not allow her sidestep the requirement that the Complaint must allege beyond bare legal conclusions to survive a motion to dismiss."); *Arena v. Delux Transp. Servs., Inc.*, No. 12-cv-1718, 2013 WL 654418, at *2 (E.D.N.Y. Feb. 15, 2013) ("[A] pleading that does nothing more than recite bare legal conclusions is insufficient to 'unlock the doors of discovery.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S.Ct. 1937 (2009)).   Notwithstanding the foregoing, the *Adkins* Plaintiffs are openly and brazenly arguing that the Court should merely ignore the fatal deficiencies in their Amended Complaint and allow the same to be purportedly cured during discovery.   (Pls. Memo. at pp. 2–3).   The *Adkins* Plaintiffs should not be permitted to ignore the Court's directive and depart from their respective obligations to satisfactorily plead their claims with the requisite factual specificity required to survive a motion to dismiss.

**B.**     **The *Adkins* Plaintiffs' Argument that the Amended Complaint Is Not an Amended Complaint, but Rather a First Complaint, Is Completely Misleading and Plaintiffs Should Not Be Given Leave to File a Second Amended Complaint.**

The *Adkins* Plaintiffs filed a complaint in New York State Supreme Court which was removed to this Court.  (*See* "Notice of Removal" in related case docket no. 17-cv-02532, D.E. 1).   After Defendant filed a letter motion seeking leave to move to dismiss, Plaintiffs were subsequently permitted to "amend" the complaint to save it from dismissal.  (*See* Electronic Order, dated July 12, 2017).  The *Adkins* Plaintiffs clearly filed an Amended Complaint, under the docket entry "Amended Complaint."  (D.E. 33).  But Plaintiffs now inexplicably argue that the Amended Complaint was merely a "first federal court complaint." (Pls. Memo at p. 2).  For the Adkins Plaintiffs to contend that the Amended Complaint was not what they requested to file, not what the Court allowed them to file, and not what they actually filed, is completely disingenuous.  Moreover, the *Adkins* Plaintiffs' stated position that their removed state court complaint should not have been treated as a federal court complaint does not comport with Rule 81 of the Federal Rules of Civil Procedure, which contemplates a removed state court complaint ordinarily as a duly filed federal court complaint and states "After removal, repleading is unnecessary unless the court orders it."  Fed.R.Civ.P. 81(c); *see also Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 185 (E.D.N.Y. 2015) (noting that "although the Complaint was originally filed in New York State court, upon removal, it must comply with the Federal Rules of Civil Procedure," and ordering the deficient complaint to be replead).

The *Adkins* Plaintiffs have already had a full and fair opportunity to amend the complaint to provide the factual specificity required by the Second Circuit (*see Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013)) to save it from dismissal, yet failed to do so.  Plaintiffs should not

- 3 -

be permitted leave to re-plead once more due to the repeated failure to cure deficiencies in their allegations.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend not to be freely given where there is a repeated failure to cure deficiencies by amendments previously allowed); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (stating that though leave to amend should be freely granted, "it is within the sound discretion of the court whether to grant leave to amend.").   Likewise, the *Adkins* Plaintiffs should not be permitted leave to re-plead once more given their failure to submit a proposed second amended complaint.  *See, e.g.*, *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y.), adhered to on reconsideration, 403 F. Supp. 2d 310 (S.D.N.Y. 2005), and aff'd sub nom. *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007), and aff'd sub nom. *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007) (denying leave to re-plead where plaintiffs did not submit a proposed amended complaint and plaintiffs failed to show how any amended complaint could cure deficiencies).

### C.   The Amended Complaint Fails to Allege Actionable Workweeks for Many of the *Adkins* Plaintiffs.

As set forth in Defendant's moving brief and the cases discussed therein, it is axiomatic that the failure to point to any particular workweek during which a plaintiff worked uncompensated time in excess of 40 hours in a workweek renders a complaint deficient.  *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (stating that the requirement that plaintiffs must allege overtime without compensation in a given workweek was designed to require plaintiffs to provide some factual context that will "nudge" their claim "from conceivable to plausible") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007)); *see also Bustillos v. Acad. Bus, LLC*, No. 13 CIV. 565, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014) (finding that "there should be sufficient factual allegations in the

Amended Complaint—rather than a general and conclusory allegation as to the number of hours "routinely" worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation); *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *55 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom. Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015) (stating that plaintiffs must allege overtime without compensation in a given workweek) (citation omitted); *Cromwell v. N.Y. City Health and Hosps. Corp. et al.*, 12-cv-4251, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (dismissing claims where, *inter alia*, "the Amended Complaint does not point to any particular workweek within the limitations period during which [plaintiff] worked uncompensated time more than 40 hours").

The *Adkins* Plaintiffs do not dispute this proposition of law in their opposition brief; rather, they claim in their opposition brief that the Amended Complaint identifies "representative" workweeks, thereby satisfying the Plaintiffs' pleading requirements.   [Pls. Memo at p. 5].  However, as noted in both Defendant's moving brief and Plaintiffs' opposition brief, only 3 of the 27 *Adkins* Plaintiffs—Jimmy L. Adkins, Nancy F. Debe, and Jean-Parnell Louis—have endeavored to identify a given workweek in which they allegedly were subject to partially unpaid overtime wages.   The remaining 24 *Adkins* Plaintiffs <u>have not alleged</u> <u>representative workweeks</u> in which they were supposedly deprived of overtime premium pay for actual hours worked in excess of 40 hours in a workweek.  (*See* Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶¶ 69 (the first of two paragraphs enumerated No. 69), 76, and 79).  Further, in no way could the specifically identified workweeks of Jimmy L. Adkins, Nancy F. Debe, and Jean-Parnell Louis be considered genuinely representative of all the workweeks of the remaining *Adkins* Plaintiffs.   There is no allegation that the other 24 *Adkins* Plaintiffs were regularly scheduled to work the same hourly and daily schedules that Plaintiffs Adkins, Debe, and Louis

were scheduled to work.  Moreover, two of the *Adkins* Plaintiffs, Lana Bongiovi and Clement Campbell, were alleged to have been "ATM clerks," a distinct job title with job responsibilities different than the job titles and responsibilities of Plaintiffs Adkins ("driver/messenger"), Debe ("ATM technician"), and Louis ("premises guard").  (*See* Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶ 73),  One other *Adkins* Plaintiff, Dennis Delucie, has not alleged his job title or job responsibilities whatsoever in the Amended Complaint, thus making any claim that Plaintiffs Adkins, Debe, and Louis are representative of him completely devoid of any factual support. (*See* generally Griffith Decl., Ex. A, *Adkins* Am. Compl.).   And, further, the alleged representative workweeks set forth in the Amended Complaint took place when other *Adkins* Plaintiffs <u>were not even employed by the Defendant</u>.  For instance, Plaintiff Jimmy D. Adkins' supposedly representative workweeks took place from August 24, 2014, through September 6, 2014, but other "driver/messenger" *Adkins* Plaintiffs, such as Alexander Cioffi, William J. Maher, Michael G. McDowell, John Rossi, and Carmela Szymanski, ceased working for the company well before Jimmy D. Adkin's supposedly representative workweeks occurred.  (*See* Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶¶ 11–12, 33–38, 47–48).

The *Adkins* Plaintiffs' haphazard attempt in their opposition brief to distort and stretch examples of workweeks alleged in connection to just three of them to address and cover the remaining 24 *Adkins* Plaintiffs' employment results in incorrect and false factual allegations, and in any event does not satisfy the requisite pleading requirements.   Accordingly, the *Adkins* Plaintiffs' Amended Complaint should be dismissed.

### D.  The Amended Complaint Fails to Otherwise Allege Facts to Support an Argument That a Plausible Claim Exists.

Beyond requiring a plaintiff to allege a given workweek in which the plaintiff was denied

overtime pay for hours in excess of 40 in a workweek, the Second Circuit has also stated and reiterated that a plaintiff's complaint must additionally provide sufficient factual details to plausibly state a claim for unpaid overtime pay.  *See Nakahata v. New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week"); *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 89 (2d Cir. 2013) ("[W]e have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place…[o]ur standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.").  Here, the *Adkins* Plaintiffs have not provided sufficient factual details to render their claims for unpaid overtime actionable.

Indeed, *Edelmann v. Keuka Coll.*, No. 16-CV-6293, 2017 WL 1316970, at *3 (W.D.N.Y. Apr. 10, 2017), a case cited by the *Adkins* Plaintiffs at page 9 of their opposition brief, in fact supports the notion that an approximation of partially uncompensated overtime hours worked by the *Adkins* Plaintiffs would be a factual detail that could aid in determining whether they have articulated a plausible claim.   However, this detail is completely absent from the *Adkins* Amended Complaint.  *See Edelmann*, 2017 WL 1316970, at *3 (endorsing a case-specific approach wherein "some courts may find that an approximation of partially uncompensated overtime hours worked may help draw plaintiff's claim closer to plausibility").  The *Adkins* Plaintiffs incorrectly attempt to hold up *Edelman* as proof that they need not espouse an approximation of overtime hours worked, and may instead vaguely suggest it is between one and nine hours per week for each of the 27 *Adkins* Plaintiffs.  *Edelman* does not stand for that

proposition.  In *Edelman,* the court was presented with factual allegations that included the allegations that plaintiff was a salaried employee who had regularly scheduled work hours (which were detailed in the complaint), but also worked extra "on-call" hours and worked events outside of his normal working hours.  *Id.*  This information and context enabled the court in *Edelman* to find that the allegations therein gave rise to a plausible inference that the single plaintiff in that case worked more than 40 hours in any given workweek, even absent a straightforward accounting of the plaintiff's hours in his complaint.  In stark contrast, the 27 *Adkins* Plaintiffs have keenly omitted their regular work schedules, on what occasions they had to work over 40 hours in a workweek, and activities performed in the hours worked beyond 40— essentially providing none of the type of informative allegations stated in *Edelman* that could similarly enable this Honorable Court to find a plausible inference that the *Adkins* Plaintiffs worked in excess of 40 hours during any workweek.

## II.    THE ADKINS PLAINTIFFS' RELIANCE ON THE D'AGUINO ACTION IS WHOLLY MISPLACED

The *Adkins* Plaintiffs suggest that their claims should not be dismissed merely because the instant case was consolidated with the *D'Aguino* case.   This argument is baseless.  Plaintiffs cannot rely on the allegations in a different complaint to satisfy the pleading requirements of their own complaint.  Moreover, Defendant has raised several affirmative defenses in its answer to the *D'Aguino* Plaintiffs' Complaint (including, but not limited to, the defense that "[t]he [*D'Aguino*] Complaint fails to state a claim, in whole or in part, for which relief may be granted").  Moreover, Defendant has already informed the Court of its intention to engage in dispositive motion practice against the *D'Aguino* Plaintiffs' baseless and meritless claims on numerous occasions in conference before the Court and in writing (*see* consolidated docket 17-cv-02532, entries nos. 29 and 37).  Simply put, the present and momentary existence of the

*D'Aguino* action offers no assistance to the *Adkins* Plaintiffs' failure to properly plead their own case.

## III.   THE SECOND CAUSE OF ACTION FOR UNTIMELY PAY SHOULD BE DISMISSED

The *Adkins* Plaintiffs affirmatively state that they are not opposing Defendant's motion to dismiss their frequency of pay claims.  (Pls. Memo at p. 2).  These claims should be considered withdrawn or dismissed as abandoned.  *See, e.g., Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage ..., a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) (plaintiff's failure to address an argument in a motion to dismiss opposition brief deemed an abandonment of the challenged claim).

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendant's moving brief, the Defendant respectfully requests that the Court grant its motion to dismiss the Amended Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Date:   November 29, 2017
        Melville, New York

**LITTLER MENDELSON, P.C.**

By: /s/ Lisa M. Griffith
    Lisa M. Griffith
    Sanjay V. Nair
    Daniel Gomez-Sanchez
LITTLER MENDELSON
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
lgriffith@littler.com
snair@littler.com
dsgomez@littler.com

*Attorneys for Defendant*
*Garda CL Atlantic, Inc.*

- 10 -