

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
lgriffith@littler.com

August 12, 2019

**VIA ECF**

Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
      Docket No. 16-cv-00641 (JMA)(AKT)

      *Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
      Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic, Inc. ("Defendant") in the above-referenced consolidated actions. We write in response to Plaintiffs' joint "status report", which Plaintiffs in the consolidated cases filed on August 9, 2019. Defendant disputes the content of the "status report" and writes to provide Defendant's perspective on the issue raised in Plaintiffs letter.

By way of background, over nine months ago, the parties agreed to mediate these consolidated cases before the same mediator who reached a settlement in the related *Tanza v. Garda* case, Martin Scheinman. On November 20, 2018, counsel for plaintiffs in *D'Aguino*, Steven Moser, informed the parties that named plaintiff Barry Dubrow passed away. Mr. Moser did not make a timely motion to substitute a party for Mr. Dubrow, and Defendants moved to dismiss him from the case. In resolution of the motion[1] and to allow this case to proceed to mediation as the parties agreed, Defendant Garda agreed not to oppose Mr. Moser's motion to substitute Mr. Dubrow's son Victor Dubrow as a party in exchange for Mr. Moser's and counsel for the *Adkins* plaintiffs Ann Ball's representations that they would appear for the mediation before Mr. Scheinman on September 9, 2019.

Accordingly, Your Honor issued an order on June 20, 2019, which states: "Mediation is scheduled for September 9, 2019. The parties are ordered to appear on that date and

---

[1] The resolution was reached after Mr. Moser brought Mr. Dubrow's widow to a Court-Ordered conference, where Your Honor read the Will and conclude that Mr. Dubrow's widow was not the executor of the estate, rather his son Victor Dubrow is the executor.

Honorable Joan M. Azrack
August 12, 2019
Page 2

participate in the mediation in good faith." (Dkt. No. 63).  Your Honor also granted the motion to substitute Victor Dubrow as a party for the deceased Barry Dubrow.

It is, therefore, unconscionable for the Plaintiffs' counsel to now unilaterally cancel the Court Ordered mediation without Court approval or Defendants' agreement.  Defendant Garda relied on Plaintiffs' counsel's representations to the Court that they would appear for the mediation with Martin Scheinman on September 9, 2019, and the Court's order requiring attendance at the mediation when it agreed not to oppose the motion to substitute.

There are no valid reasons for Plaintiffs to cancel the mediation that was previously scheduled. The only issue raised by Plaintiffs' attorneys was that they each received a separate invoice for the mediation, suggesting each would be charged for a half-day of the mediation.  I contacted the mediator's office explaining the cases are consolidated.  The mediator's office then promptly corrected the error and sent one invoice to both Plaintiffs' attorneys, explaining they are responsible for splitting half the plaintiffs' cost of the mediation.[2]  Mr. Moser then sent an email to Mr. Scheinman's office, stating that "we have elected to pursue mediation through the EDNY Mediation panel."  To which I responded: "For the record, Plaintiffs have elected to cancel. We have not agreed to another mediator."

Thus, Defendant respectfully requests that the Court enforce the Parties' agreement to mediate these cases before the selected mediator, Martin Scheinman.  Unfortunately, the Parties will need to pick a new date because the Plaintiffs unilaterally canceled the September 9th mediation.  In the alternative, Defendant requests leave to oppose Mr. Dubrow's untimely motion to substitute, seeks costs and attorneys' fees, and seeks other relief that the Court finds just and proper.

Thank you for the Court's consideration of this request.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ *Lisa M. Griffith*

Lisa M. Griffith
Daniel Gomez-Sanchez

CC:    All Counsel of Record (*via ECF*)

---

[2] As the Court is aware, the related *Tanza v. Garda* case was mediated by Mr. Scheinman, who has become intricately familiar with the allegations in these cases.  The settlement agreement reached in the *Tanza* case is pending Court approval while the parties mediate the instant consolidated cases.