

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY 11747

Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

January 10, 2020

**VIA ECF**

Honorable Joan M. Azrack
United States District Judge
United States District Court
944 Federal Plaza
Central Islip, NY 11722

Re: *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
Docket No. 16-cv-00641 (JMA)(AKT)

*Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic ("Defendant") in the above-referenced consolidated actions. We write in response to Ann Ball's letter (Doc. No. 75), dated January 3, 2020, and filed on behalf of Plaintiffs Kerem Bay, Lana Bongiovi, Clement Campbell, Angelo Caropola, Alexander Cioffi, Patrick H.Crain, David Cronk, Dennis Delucie , Charles J. Engel, Matthew Farrell, Benny Failla, Robert J. Giani , John R. Lackenbauer, William J. Maker, Michael G. Mcdowell, John Rossi, William R. Shannon, Fred H. Smith, Gary E. Sobek, Damian Sobers, Carmela Szymanski , Anthony Tanza, and Cynthia Torres (collectively "Dismissed Plaintiffs"),[1] requesting a pre-motion conference to "reduce the amount in controversy for these Plaintiffs to $75,000.00 and to remand their complaint to state court . . . ." See Doc. No. 75.

By way of background, Defendant removed the Adkins matter from the Supreme Court of the State of New York, County of Queens, to this Court on April 27, 2017. On May 17, 2017, the Court consolidated the Adkins matter with the D'Aguino matter. On July 28, 2017, the Adkins Plaintiffs filed an Amended Complaint. On November 29, 2017, Defendant's fully briefed motion to dismiss the Adkins Amended Complaint was filed with the Court.

By Order, dated August 16, 2018, the Court expressly dismissed, with prejudice, the claims made by the Dismissed Plaintiffs, and denied their motion to amend the Amended Complaint. See Doc. No. 50 at 10-11. Accordingly, it is unclear on what basis Dismissed Plaintiffs seek to have their claims remanded to state court, when this Court dismissed their claims with prejudice over one year ago. Indeed, counsel for

---

[1] The Dismissed Plaintiffs were named Plaintiffs in the *Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*. matter.

Honorable Joan M. Azrack
January 10, 2020
Page 2

Dismissed Plaintiffs does not provide any authority for her proposed motion, and Defendants are not aware of any such authority allowing Dismissed Plaintiffs to revive their claims.

Further, while Dismissed Plaintiffs contend that there are no federal claims in the Amended Complaint filed in Adkins, that the "Supreme Court action was neither discontinued nor dismissed," but removed to federal court, and that the Dismissed Plaintiffs have "good and meritorious New York State Statutory claims,"[2] it is not entirely clear whether they are proposing that this is the legal standard by which the proposed motion should be adjudged. In any event, Defendant is not aware of the purported standard being proposed by Dismissed Plaintiffs to remand their dismissed claims to state court.

Accordingly, Defendant respectfully requests that the Court deny Dismissed Plaintiffs' motion for a pre-motion conference, and deny them the opportunity to make such a motion given Dismissed Plaintiffs' failure to provide any legal authority for their proposed motion.

Respectfully submitted,

Littler Mendelson, P.C.


*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez


cc:     All attorneys of record (via ECF)

4830-8369-7073.1 067762.1380

---

[2] The Court's August 16, 2018 Order dismissing the Dismissed Plaintiffs' New York Labor Law claims, with prejudice, is directly contrary to Ms. Ball's assertion that Dismissed Plaintiffs have "good and meritorious" New York statutory claims.