

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY 11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
lgriffith@littler.com

January 24, 2020

**VIA ECF**
Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
Docket No. 16-cv-00641 (JMA)(AKT)

*Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic, Inc. ("Defendant") in the above-referenced consolidated actions. We write to object to the purported "Stipulation and Order for Substitution of Counsel" ("Stipulation") filed in the *Adkins* case yesterday and request that Your Honor decline to "so order" the purported stipulation.

Withdrawal of counsel is governed by Local Rule 1.4, which provides:

> **Withdrawal or Displacement of Attorney of Record**
> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.
>
> **COMMITTEE NOTE** The Committee recommends that Local Civil Rule 1.4 be amended to require that the affidavit in support of a motion to withdraw state whether or not a retaining or charging lien is being asserted, and to clarify that all applications to

> withdraw must be served upon the client and (unless excused by the Court) upon all other parties. This is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case. It is also not meant to preclude substitution of counsel by a stipulation which has been signed by counsel, the counsel's client, and all other parties, and which has been so ordered by the Court.

Accordingly, an attorney seeking to withdraw from representation of a client must file a *motion* supported by an affidavit setting forth satisfactory reasons for withdrawal. Ms. Ball did not file a motion and she does not include in her affidavit any reasons for her withdrawal as counsel for the *Adkins* plaintiffs. Ms. Ball has represented the *Adkins* plaintiffs for over 3 years, and was in Court advocating on their behalf at Tuesday's conference. Furthermore, in Ms. Ball's affidavit she claims she does not have a charging lien against the file, but then asks the Court for leave to file for fees and costs should the *Adkins* plaintiffs prevail on their claims. Thus, it seems like Ms. Ball *does* have a charging lien against the file, but she is not articulating that because such lien might negatively impact her ability to reduce the amount in controversy in support of her motion to remand the case. However, Ms. Ball also affirms that she is not giving up on seeking recovery of her fees and costs in the future. This is an attempt to avoid the Court's Order that it would grant an application by Defendant that an application by Defendant to obtain Ms. Ball's billing records if necessary to oppose a motion for remand.

Furthermore, according to the Committee Notes, substitution of counsel can be made by stipulation but only if it is signed by counsel, the counsel's client, and all other parties. The Stipulation filed by counsel for the *Adkins* plaintiffs, Ann Ball, and counsel for the now dismissed *D'Aguino* plaintiffs, Steven Moser, was not signed by the *Adkins* Plaintiffs or by the Defendant. Furthermore, there is no indication in the Record that the Stipulation was sent to the Plaintiffs. Accordingly, the Stipulation fails to meet the requisite requirements to substitute Mr. Moser as counsel for the *Adkins* Plaintiffs.

Defendant is also concerned with Ms. Ball's and Mr. Moser's motivation in attempting to substitute Mr. Moser as counsel in *Adkins* after over three years of litigation.

Accordingly, Defendant respectfully requests that Your Honor decline to "so order" the Stipulation.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ *Lisa M. Griffith*

Lisa M. Griffith