

**Steven J. Moser**
Direct: 631.759.4054
Text: 631.759.4054
Fax: 631.759.4054
smoser@moseremploymentlaw.com

January 28, 2020

**VIA ECF**

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

RE:   *D'Aguino v. Garda*, 16-cv-00641
        *Adkins v. Garda,* 17-cv-02532

Dear Judge Azrack:

With this letter, the Plaintiffs Kerem Bay, Lana Bongiovi, Clement Campbell, Angelo Carpola, Alexander Cioffi, Patrick H. Crain, David Cronk, Dennis Delucie, Charles J. Engel, Matthew Farrell, Benny Failla, Robert J. Giani, John R. Lackenbauer, William J. Maher, Michael G. McDowell, John Rossi, William R. Shannon, Fred H. Smith, Gary E. Sobek, Damian Sobers, Carmela Szymanski, Anothny Tanza and Cynthia Torres ("Plaintiffs") respectfully request that the Court direct Garda to show cause why the orders of the Court previously issued[1] should not be vacated for lack of jurisdiction, and why the matter of *Jimmy Adkins v. Garda CL Atlantic, Inc.*, 17-cv-2532(JMA)(AKT) should not be remanded to the New York State Supreme Court, Queens County.[2]

If the Court is not inclined to issue such an order, Plaintiffs hereby indicate their intention to file a fully briefed motion, and request that the Court reconsider its order granting Garda's request for "pre-motion-to-dismiss" discovery.

**AT LEAST ONE OF THE PLAINTIFFS WAS A CITIZEN OF FLORIDA AT THE TIME OF THE FILING OF THE COMPLAINT**

Complete diversity did not exist at the time of the filing of the Complaint or Notice of Removal.  Garda has reason to know of the lack of diversity, since it employed one of the plaintiffs in the State of Florida.

---

[1] Including the August 16, 2018 order issued in the matter of *D'Aguino v. Garda,* 16-CV-00641 (ECF No. 50) dismissing the plaintiffs' claims with prejudice.
[2] The claims of Jimmy Adkins, Nancy Debe, and Jean-Parnell Louis have been settled.



Hon. Joan M. Azrack, USDJ
January 28, 2020
Page 2 of 4

The Plaintiffs filed suit in Supreme Court, Queens County on March 24, 2017. (Complaint, ECF No. 1-1)[3]. On April 27, 2017 Garda CL Atlantic Inc. ("Garda") filed a notice of removal to the United States District Court for the Eastern District of New York. (Notice of Removal, ECF No. 1)[4]. Garda alleged diversity jurisdiction as a basis for removal. (Notice of Removal ¶ 4).

The Complaint did not allege the citizenship of the Plaintiffs. Nor did it allege the residences of the Plaintiffs *at the time* the complaint was filed. The complaint only alleged the only that the "plaintiffs *were* [] *residing* in Suffolk County, New York" at the time of the alleged NYLL violations. (*See* Complaint, ¶ 1 (emphasis supplied)). The use of the past tense to describe Plaintiffs' residences was not accidental. (*See* Complaint, ¶¶ 2, 7 (describing Plaintiffs' employment with Garda in the past tense) and compare ¶¶ 3-4 (describing Garda's corporate existence and operations in the present tense)).

When Garda filed the notice of removal, however, it changed the past tense ("Plaintiffs *were* [] residing in Suffolk County"[5]) to the present tense (stating that "[a]s Plaintiffs allege in the Complaint, they *are* residents of Suffolk County, New York."[6]). The notice of removal does not allege the citizenship of the parties.

At the time it closed its Central Islip facility, Garda offered one of the Plaintiffs - John Rossi - employment in Florida. Mr. Rossi accepted that offer of employment and relocated to Florida in 2015. He worked for Garda in Florida. He furnished a Port St. Lucie address to Garda. He has been a citizen of Florida since February 27, 2015.

With respect to diversity jurisdiction, "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of *citizenship* among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 388, 141 L. Ed. 2d 364, 118 S. Ct. 2047 (1998). "[W]hile the amount-in-controversy requirement is somewhat malleable, complete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction." *Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2014). Here, because both Garda and Mr. Rossi were citizens of Florida, diversity jurisdiction is not present.

**GARDA HAS FAILED TO PLAUSIBLY ESTABLISH DIVERSITY JURISDICITON IN ITS NOTICE OF REMOVAL**

The party invoking diversity jurisdiction has the burden of establishing diversity of citizenship and the amount in controversy. *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994).

---

[3] A copy of the Complaint is annexed hereto as Exhibit 1.
[4] A copy of the Notice of Removal is annexed hereto as Exhibit 2.
[5] Complaint, ECF No. 1-1, ¶ 1 (emphasis supplied).
[6] Notice of Removal, ECF No. 1, ¶ 2 (emphasis supplied).



Hon. Joan M. Azrack, USDJ
January 28, 2020
Page 3 of 4

*Garda has not plausibly alleged the amount in controversy, much less established same by a preponderance of the evidence.* "Removal of the action is proper" only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C.S. § 1446. A single line of the notice of removal is dedicated to the amount in controversy. It states that "based on the allegations in the complaint, Plaintiffs are seeking damages in an amount exceeding $75,000.00." However, the only damages reduced to a number in the Complaint are Wage Notice violations of $2,500 per Plaintiff.

An allegation, like the one in Garda's notice of removal, that the amount in controversy exceeds $75,000 has been described as "a threadbare recital" requiring dismissal. *Koch v. Koch*, No. 18-cv-1225 (VAB)(WIG), 2018 U.S. Dist. LEXIS 177929, at *11 (D. Conn. Oct. 12, 2018) The Second Circuit has held under these facts that federal courts lack jurisdiction:

> [W]e hold that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.

*Lupo*, 28 F.3d at 273-74.

*Garda has not alleged the citizenship of the parties.* Garda's only allegation regarding diversity is that "[a]s Plaintiffs allege in the Complaint, they *are residents* of Suffolk County, New York."[7] But citizenship, not residence, is the proper inquiry. Again, the Second Circuit has found that "[t]he failure to allege [] citizenship in a particular state is fatal to diversity jurisdiction." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.,* 224 F.3d 139, 141 (2d Cir. 2000); *see Wilkins v. Stapleton*, No. 6:17-cv-1342-Orl-37GJK, 2017 U.S. Dist. LEXIS 121005, at *2 (M.D. Fla. Aug. 1, 2017) (warning counsel: "DO NOT allege the "residence" of a party—citizenship is what counts") (emphasis in original).

### NO DISCOVERY IS NECESSARY IN LIGHT OF THE FAILURE TO ADEQUATELY PLEAD JURISDICTION

If Garda cannot plausibly allege facts to support federal jurisdiction without discovery, it lacked a good faith basis for making the jurisdictional allegations in the first place under Rule 11. Permitting a defendant to obtain discovery so that it can "plausibly allege" removal is the equivalent of permitting a plaintiff discovery to plausibly allege a cause of action in a complaint.

For this reason, jurisdictional discovery is disfavored when the notice of removal does not plausibly allege jurisdiction. *See Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201 (GEL), 2006 U.S. Dist. LEXIS 9677, at *16-17 (S.D.N.Y. Mar. 9, 2006) (permitting jurisdictional discovery

---

[7] Notice of Removal, ECF No. 1, ¶ 2 (emphasis supplied).

3 SCHOOL STREET, SUITE 207B, GLEN COVE, NEW YORK 11542
WWW.MOSEREMPLOYMENTLAW.COM



MOSER LAW FIRM, P.C.

Hon. Joan M. Azrack, USDJ
January 28, 2020
Page 4 of 4

only where removing defendant made a "prima facie showing of subject-matter [] jurisdiction"); *Ortiz*, 2016 U.S. Dist. LEXIS 157926, at *24-25 (denying jurisdictional discovery because "defendants have not met their burden of establishing the amount in controversy by a preponderance of the evidence."); *Mills 2011 L.L.C. v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) (denying jurisdictional discovery until defendant amended the notice of removal to allege a plausible basis for jurisdiction).

      Plaintiffs therefore request that the Court reconsider its order granting Garda's request for jurisdictional discovery. Such discovery belongs in state court unless Garda can plead sufficient factual matter to invoke the Court's jurisdiction. Finally, if the Court permits jurisdictional discovery, such discovery should be reciprocal so that the Plaintiffs have the opportunity to challenge, if necessary, Garda's jurisdictional claims.

## CONCLUSION

      For the foregoing reasons, Plaintiffs request that Garda be required to show cause why the prior orders of the Court, including the order dismissing the Plaintiffs' claims with prejudice, should not be vacated for lack of jurisdiction why the case should not be remanded to New York State Supreme Court, Queens County.

      Respectfully submitted,

Steven John Moser