

Littler Mendelson, P.C.
290 Broadhollow Road
Suite 305
Melville, NY 11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
lgriffith@littler.com

June 16, 2020

**VIA ECF**
Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
Docket No. 16-cv-00641 (JMA)(AKT)

*Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic, Inc. ("Defendant") in the above-referenced consolidated actions. We write in reply to the *Adkins'* plaintiffs' opposition, filed today, in response to Garda's proposed discovery and briefing schedule.

It is incredible that the Adkins plaintiffs would feign surprise that Garda is seeking jurisdictional discovery, and attempt to limit it, when it was raised by the Adkins' plaintiffs' counsel three years after the case was removed from State to Federal Court, and two years after the dismissal of 23 of the 26 plaintiffs, including John Rossi, the alleged non-diverse party. The Court has the discretion to order discovery on the jurisdictional issue, and should in this case, where the grounds for the motion to remand are highly suspect due to the amount of years that went by before raising this issue and the fact that plaintiffs' counsel first made a failed attempt to destroy diversity by attempting to reduce the amount in controversy before raising this purported alternative grounds for a lack of jurisdiction.

Garda objects to the *Adkins'* plaintiffs' request for discovery from Garda. Plaintiffs' counsel has finally articulated the reasons he seeks discovery from Garda, none of which have any merit. The first is "basic fairness." This is not a valid reason for discovery. FRCP 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" "Basic fairness" does not translate to "relevance" and the concept of "if you depose me, I get to depose you" does not exist in the Federal Rules. Plaintiffs also claim that discovery is needed because Garda "relocated" Mr. Rossi to Florida and that it would know if the Florida employment was of "indefinite duration". Being that Mr. Rossi's employment was NOT of an indefinite duration, having separated from

employment with Garda just several weeks after working in Florida, and some *2 years* before he filed his initial State Court Complaint, these are also meritless bases for seeking discovery from Garda, as Garda could not possibly have any *relevant* information regarding Rossi's domicile two years after they parted ways. There is absolutely no information in Garda's possession that could possibly bear any relevance on the jurisdictional issue. FRCP 26(c) permits a Court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Clearly, *Adkins'* plaintiffs' request for discovery from Garda only serves to annoy Garda and cause an undue burden or expense.

Finally, the briefing schedule proposed by Garda comports with the Federal Rules of Civil Procedures' timelines for service and discovery responses and builds in time for the deposition and motion practice. For *Adkins'* plaintiffs' counsel to suggest that the schedule would "multiply these proceedings" is simply absurd, as plaintiffs have delayed this case and by raising the jurisdictional issue it was the *Adkins'* plaintiffs, not Garda, who have sought to multiply the proceedings.

Garda respectfully requests that the Court "So Order" the following briefing schedule:[1]

- June 22, 2020 – Garda to serve document requests and interrogatories on Mr. Rossi limited to domiciliary at the time the Verified Complaint was filed
- July 22, 2020 – Mr. Rossi to respond to document requests and interrogatories
- August 5, 2020 – Mr. Rossi's deposition to take place (provided Mr. Rossi produces requested documents and information requested)
- September 4, 2020 – Mr. Rossi's motion to be filed
- October 5, 2020 – Opposition to be filed
- October 19, 2020 – Reply to be filed

Should the Court be inclined not to grant discovery on this limited issue based on the submissions to date, Garda requests that the Court allow the Parties the opportunity to fully brief whether discovery should be permitted on this limited issue.

We thank the Court for its consideration of this matter.

---

[1] Mr. Moser's contention that he will be out of state on trial (if that is even possible given the pandemic) for the entire month of October should not prevent him from being able to file his moving brief in September and a reply in mid-October.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ *Lisa M. Griffith*

Lisa M. Griffith