

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

October 1, 2020

**VIA ECF**

Honorable Joan M. Azrack
United States District Judge
United States District Court
944 Federal Plaza
Central Islip, NY 11722

Re:   <u>Dennis L. D'Aguino, et al. v. Garda CL Atlantic, Inc</u>.
        Docket No. 16-cv-00641 (JMA)(AKT)

        <u>Jimmy Adkins, et al. v. Garda CL Atlantic, Inc.</u>
        Docket No. 17 cv 02532 (JMA) (AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic ("Defendant") in the above-referenced consolidated action.  We write to respectfully request that the Court close this case, as the claims of all of the Plaintiffs have been dismissed in both cases and counsel for select Plaintiffs in the *Adkins* matter has failed to prosecute Plaintiffs' most recent attempt to revive this case for this limited group of Plaintiffs.

As the Court is aware, the Court has dismissed all of the claims of all of the Plaintiffs in the consolidated actions.  Subsequently, in a last-ditch effort to resurrect some of the Plaintiffs claims, Steven Moser substituted as counsel for the *Adkins* plaintiffs who were previously dismissed with prejudice on Defendant's Motion to Dismiss (Dkt. No. 50).  Mr. Moser improperly attempted to appeal the Court's decision dismissing the claims, and after the Appellate Court assisted him in understanding the improper nature of his appeal, he agreed to voluntarily dismiss the appeal.  Once the appeal was dismissed, Mr. Moser then requested permission from this Court for the opportunity to make a motion to remand.  Mr. Moser's sole basis for the motion to remand is based upon his claim that diversity jurisdiction was lacking due to the allegation that both Garda and Plaintiff John Rossi are domiciled in Florida.  Mr. Moser raised this contention for the first time almost two years after Plaintiff Rossi's claims were dismissed, and over three years after the Complaint was removed to federal court. By Order dated June 30, 2020 (Dkt. No. 111), the Court granted Defendant's request for discovery relating to the jurisdictional issue raised, and set a short briefing schedule, pursuant to Plaintiffs' counsel's request, with all jurisdictional discovery to be concluded by July 20, 2020 and Mr. Rossi's deposition to be taken by August 14, 2020.  The Court also set a briefing schedule.  *Id.*  Plaintiffs' counsel Mr. Moser then sought an extension of time to engage in discovery, with discovery extended to August 13 and a two-week extension of time on all deadlines for the motion (Dkt. No 112). Plaintiffs' counsel then sought Defendant's consent for a second extension of time for the parties to respond to their respective discovery requests, which Defendant reluctantly consented to, extending the deadline to respond to discovery requests to September 11, and the deadline

Honorable Joan M. Azrack
October 1, 2020
Page 2

for Mr. Rossi's deposition extended to September 25, 2020, with motion practice commencing approximately four weeks later. (Dkt. No 113). The Court granted the motions.

On September 9, 2020, I wrote to Mr. Moser and inquired if he intended to serve his discovery responses on September 11, 2020 and inquired into Mr. Rossi's availability for his deposition. Mr. Moser responded on September 10, 2020, that he needed more time to respond to discovery. On September 11, 2020, I asked Mr. Moser if he intended to file a letter with the Court that day requesting the extension. Mr. Moser did not respond to my inquiry nor did he file a letter with the Court. On September 24, 2020, Mr. Moser sent me a message inquiring if Garda is interested in mediation.

It is abundantly clear that Plaintiffs have no intention of responding to the discovery demands served upon Mr. Rossi with regard to his claim that Mr. Rossi was domiciled in Florida at the time the *Adkins* complaint was filed. Plaintiffs have delayed this case for years and then, after Mr. Moser was substituted as the attorney for the select *Adkins* plaintiffs, he has continued to delay discovery in this case. The Court dismissed all of the claims of all of the consolidated Plaintiffs. The *Adkins* Plaintiffs have failed to engage in discovery regarding their motion to remand. Accordingly, Defendant respectfully requests that the Court close this case on the docket.

Throughout the four years these cases have been pending, Mr. Moser has done nothing but frustrate the resolution of these cases, and his conduct is frivolous. In addition, this Court has the authority pursuant to 28 U.S.C. 1927 to Order relief when an attorney vexatiously multiplies proceedings in any case, such as here. The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

It is unfair to Defendant to have to continue to litigate half-hearted attempts by Plaintiffs to maintain this case, where the Court has dismissed all of the claims. Defendant respectfully requests that the Court consider this request and dismiss this case.

Thank you for your consideration of this matter.

Respectfully submitted,

Littler Mendelson, P.C.

/s/ *Lisa M. Griffith*

Lisa M. Griffith

Honorable Joan M. Azrack
October 1, 2020
Page 3


cc:     All attorneys of record (via ECF)